UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ODFJELL CHEMICAL TANKERS AS | CIVIL ACTION |
| VERSUS | NO. |
| AMERICAN COMMERCIAL BARGE LINES, LLC, *in personam*, and the M/V AMERICAN WAY, *in rem* | JUDGE |
| | MAGISTRATE JUDGE |

**VERIFIED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Odfjell Chemical Tankers AS ("Odfjell"), as bareboat charterer of the M/T BOW TRIBUTE, and for its Complaint against American Commercial Barge Lines, LLC ("ACBL"), *in personam*, and the M/V AMERICAN WAY, *in rem*, alleges as follows:

1.

This claim involves the powerful and highly maneuverable tug AMERICAN WAY proceeding downriver with only two barges in tow, negligently falling down into the path of a downbound tanker, the BOW TRIBUTE, during an agreed upon overtaking maneuver on the Lower Mississippi River in direct violation of, *inter alia*, Inland Navigation Rules 13 and 17. The objective navigational data establishes that between 1517 and 1521 hours on March 16, 2021, the AMERICAN WAY flotilla negligently moved approximately 1,250 feet to her port (<u>toward</u> BOW TRIBUTE) and completely eliminated any chance of a safe overtaking, which forced BOW TRIBUTE into the left descending bank causing damages. Below are Mississippi River Traffic Information System ("MRTIS") screen shots showing that at 1517 hours there was 1,400 feet between AMERICAN WAY (red arrow) and the left descending bank. AMERICAN WAY by

1

1521 hours moved approximately 1,250 feet to her port. In order to avoid striking AMERICAN WAY, BOW TRIBUTE (green arrow) was forced into the left descending bank:





2.

This claim involves negligent vessel operation, embarrassment of navigation and resultant vessel damage so this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333. This action is a maritime tort claim, as contemplated by Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

3.

The amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), exclusive of interest and costs. The parties have diverse citizenship and thus there is also jurisdiction pursuant to 28 U.S.C. §1332. Odfjell is a Norwegian corporation or related entity. ACBL is a U.S. limited liability company and AMERICAN WAY is a U.S. flag vessel.

4.

Venue is proper under 28 U.S.C. §1391(b), given that the events or omissions giving rise to this claim occurred within the district of this Honorable Court.

5.

Odfjell is the bareboat charterer and operator/manager of the BOW TRIBUTE.

6.

The AMERICAN WAY, upon information and belief is a 70' by 28' 2,000 hp z-drive U.S. flag inland towboat bearing Official No. 1251070 which was at all times engaged in maritime commerce on the waters of the United States and the State of Louisiana and which is now, or during the pendency of this action will be, afloat upon the navigable waters of this judicial district.

7.

Defendant American Commercial Barge Lines, LLC, is, upon information and belief, a limited liability company which at all relevant times was the owner and/or manager of the AMERICAN WAY.

8.

On March 16, 2021, the BOW TRIBUTE was proceeding down bound in the Mississippi River from LBC Baton Rouge (Mile Marker 203.8) headed for the Davant, Anchorage (Mile Marker 54).  BOW TRIBUTE was proceeding under compulsory pilotage due to her being a foreign flagged ship in the Mississippi River.

9.

At approximately 1505 hours, the downbound AMERICAN WAY flotilla (near Mile Marker 106.5) established a two-whistle overtaking agreement with the downbound BOW TRIBUTE (near Mile Marker 108) whereby the AMERICAN WAY agreed to allow BOW TRIBUTE to overtake on AMERICAN WAY's port side.

10.

Under Inland Navigation Rules 13 and 17, AMERICAN WAY was required to maintain course and speed until BOW TRIBUTE was past and clear.

11.

Unfortunately, AMERICAN WAY violated these and other rules while BOW TRIBUTE was in the process of overtaking AMERICAN WAY. As shown in the MRTIS screen shots above, AMERICAN WAY negligently slid or changed her course in the direction of BOW TRIBUTE by approximately 1,250 feet during the overtaking maneuver.

12.

AMERICAN WAY's 1,250 foot slide was negligent and embarrassed the navigation of BOW TRIBUTE by forcing BOW TRIBUTE into the left descending bank of the Mississippi River in order to avoid running over the AMERICAN WAY.  During this evasive maneuver that was a direct result of AMERICAN WAY's improper navigation, BOW TRIBUTE made contact with two spud barges that were spudded down next to two water intakes said to be owned by the New Orleans Sewerage and Water Board.  BOW TRIBUTE's hull and propeller sustained significant damage as a result of AMERICAN WAY's improper navigation.  The New Orleans Sewerage and Water Board and Durward Dunn, Inc. have also alleged significant damages as a result of the contact by BOW TRIBUTE caused by AMERICAN WAY's negligent navigation. Preliminary damage estimates, subject to revision as repairs are made and all costs are accumulated are as follows:

    a.    New Orleans Sewerage and Water Board – claimed damages of $729,375.00;

    b.    Durward Dunn, Inc. (owner of the spud barges) – claimed damages of $888,268.48;

    c.    BOW TRIBUTE – physical damages of approximately $1.5 million and loss of use/loss of hire damages of approximately $675,000.00.

13.

The incident and resulting damages were caused by the unseaworthiness of the AMERICAN WAY and the fault and neglect of her owners or those in charge of her, including but not limited to the following:

    a.    The AMERICAN WAY was unseaworthy;

    b.    The AMERICAN WAY was not properly manned, equipped and supplied;

    c.    The AMERICAN WAY failed to keep a proper lookout and failed to use all

        available means to determine if a risk of collision existed;

d.     The AMERICAN WAY failed to take proper action to avoid collision;

e.     The AMERICAN WAY failed to maintain course and speed;

f.     The AMERICAN WAY failed to properly use her radio;

g.     The AMERICAN WAY failed to properly navigate her two barges;

h.     The AMERICAN WAY failed to comply with the Inland Navigation Rules and failed to operate in accordance with applicable regulations and consistent with principles of good seamanship; and

i.     Other acts of fault or negligence to be proven at trial after discovery.

14.

As a result of defendant's negligence and the unseaworthiness of the M/V AMERICAN WAY, plaintiff has incurred liabilities and damages, including but not limited to hull damage, propeller damage, loss of use, survey fees, and other expenses, interests, and costs, all of which are claimed and demanded as recoverable damages in this Complaint.

15.

Plaintiff also seeks full indemnity or, alternatively, contribution for all damages, if any, it may be required to pay to the New Orleans Sewerage and Water Board or Durward Dunn, Inc.

WHEREFORE, the premises considered, plaintiff prays that this Complaint be deemed good and sufficient, and that:

1.     Process in due form of law and according to the Federal Rules of Civil Procedure issue against *in personam* defendant American Commercial Barge Lines, LLC, directing it to appear and answer this Complaint within the delays provided by law;

2. The Court, after due proceeding are had, enter judgment in favor of plaintiff, Odfjell Chemical Tankers AS, and against American Commercial Barge Lines, LLC, *in personam*, in the full amount of plaintiff's damages, together with interest, costs, and attorney's fees;

3. Process in due form of the law and according to the Federal Rules of Civil Procedure issue against *in rem* defendant, AMERICAN WAY, its tackle, furniture, and appurtenances and that all persons claiming any interest therein be compelled to appear and answer this Complaint

4. The Court, after due proceedings are had, enter judgment in favor of plaintiff, Odfjell Chemical Tankers AS, and against the M/V AMERICAN WAY, its tackle, furniture, and appurtenances, *in rem*, in the full amount of plaintiff's damages, together with interests, costs, and attorney's fees;

5. A summons and a copy of this complaint be served upon American Commercial Barge Lines, LLC via the Louisiana Long Arm Statute LA R.S. 13:3201 and the Louisiana Secretary of State as permitted by LA R.S. 13:3479 - Operation of watercraft by non-resident as appointment of Secretary of State as agent for service of process; and

6. The Court award plaintiff Odfjell Chemical Tankers AS all general and equitable relief which is just and proper.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

        BY:   *s/ Kevin J. LaVie*
                Kevin J. LaVie, T.A., La. Bar: #14125
                Adam N. Davis (La. Bar #35740)
                Magdalini Galitou (La. Bar #38473)
                Canal Place | 365 Canal Street, Suite 2000
                New Orleans, Louisiana 70130
                Telephone: 504 566 1311

        Facsimile: 504 568 9130
        Email: kevin.lavie@phelps.com
        Email: adam.davis@phelps.com

ATTORNEYS FOR PLAINTIFF, ODFJELL CHEMICAL TANKERS AS

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**KEVIN J. LAVIE**

who, upon being duly sworn, did depose and say:

That he is a member of the firm of Phelps Dunbar LLP, attorneys for plaintiff; that he has read the foregoing Complaint, and the facts contained therein are true and correct to the best of his knowledge, information, and belief, and that the source of this information is communications received from the plaintiff and their agents and review of AIS and related electronic data; that he has been authorized by the plaintiff to execute this verification on plaintiff's behalf; and that he makes this verification as attorney because no officer of plaintiff is located at the place of the Court.

_____
KEVIN J. LAVIE

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 22nd DAY OF

OCTOBER 2021.

_____
NOTARY PUBLIC

MAGDALINI GALITOU
Notary Public
Notary ID No. 160183
Orleans Parish, Louisiana

9

PD.33631213.1